UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ELLEN DOCKLER,<br><br>           Plaintiff,<br><br>      v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>           Defendant. | No.  2:19-cv-00050 CKD<br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  For the reasons discussed below, the undersigned recommends that plaintiff's motion for summary judgment be denied and the Commissioner's cross-motion for summary judgment be granted.

BACKGROUND

Plaintiff, born in 1962, applied in September 2015 for SSI and disability insurance benefits, alleging disability beginning December 1, 2011.[1]  Administrative Transcript ("AT") 37,

---

[1] In his decision, the ALJ noted that plaintiff "has a history of applying for disability benefits," with her most recent prior claim denied on July 16, 2014. AT 38. "Although the claimant alleged an onset of December 1, 2011, the undersigned does not find a basis for reopening the prior determination . . . Therefore, the unadjudicated period in this decision spans from July 17, 2014

44. Plaintiff alleged she was unable to work due to degenerative disc disease, sensitive hands, learning disability, depression, anxiety, and arthritis in the right knee. AT 299. In a decision dated April 10, 2018, the ALJ determined that plaintiff was not disabled.[2] AT 37-46. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.
>
> 2. The claimant has not engaged in substantial gainful activity since July 17, 2014, the beginning of the unadjudicated period.
>
> 3. The claimant has the following severe impairments: eczema,

---

through the present." AT 38.

[2]   Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

      polyarthralgias, COPD, and borderline intellectual functioning.

      4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

      5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work except she can perform frequent postural activities but can only occasionally climb ladders, ropes, and scaffolds. She can reach overhead frequently with the right upper extremity. She must avoid concentrated exposure to extreme cold, heat, wetness, humidity, noise, vibration, fumes, odors, chemicals, and other similar pulmonary irritants. She must avoid chemical agents or industrial cleaning solvents and hazards. She can perform simple, routine tasks.

      6. The claimant is unable to perform any past relevant work.

      7. The claimant was born on XX/XX/1962 and was 51 years old, which is defined as an individual closely approaching advanced age, on July 17, 2014, the beginning of the unadjudicated period.

      8. The claimant has a limited education and is able to communicate in English.

      9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

      11. The claimant has not been under a disability, as defined in the Social Security Act, from July 17, 2014, the beginning of the unadjudicated period, through the date of this decision.

AT 40-45.

ISSUES PRESENTED

    Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ's residual functional capacity assessment fails to incorporate plaintiff's hand symptoms and limitations; and (2) the ALJ improperly evaluated plaintiff's subjective complaints of hand pain and weakness.

LEGAL STANDARDS

    The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff asserts that the RFC is not supported by substantial evidence insofar as it fails to account for plaintiff's hand pain, weakness, and numbness, which plaintiff argues would preclude any type of medium work. Plaintiff first argues that the medical evidence supports a more limited RFC, and second, that the ALJ erred in discounting plaintiff's subjective complaints in formulating the RFC. The undersigned addresses both arguments below.

Plaintiff alleged disability based in part on issues with her hands. AT 299. The ALJ found plaintiff's eczema to be a severe impairment (AT 40) and made the following hand-related findings:

> She reported she stopped working due to chemical burns and rash

> from cleaners at work.[3] . . . She has to be cautious with cleaners and lotions due to rashes on her hands. She keeps her cream on hand for flares of this condition.[4] . . . The claimant testified at the hearing that she has difficulty handling objects and has numbness and tingling in her fingertips.[5]

AT 41-42.

The resulting RFC was for medium work[6] with limitations, including that plaintiff "must avoid chemical agents or industrial cleaning solvents and hazards." AT 41. Plaintiff asserts that she was not capable of performing medium-level jobs such as retail bagger, deli worker, and hand packager, due to additional hand problems. See AT 37 (ALJ relied on vocational expert testimony that plaintiff could perform these occupations with her RFC).

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). RFC is assessed based on the relevant evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

---

[3] See AT 59-62 (hearing testimony that plaintiff left her cleaning job at a health clinic due to chemical burns on her hands and inability to stand for long periods of time).

[4] See AT 68 (hearing testimony).

[5] See AT 74-75 (hearing testimony that plaintiff had trouble handling small objects like sewing needles and thread, and had numbness and tingling in her fingertips two or three times a day).

[6] Social Security Ruling 83-14 explains that, "as in light work, most unskilled medium jobs require gross use of the hands to grasp, hold, and turn objects rather than use of the fingers for fine movements of small objects. . . . As in light work, inability to use the finger tips to sense the temperature or texture of an object is an example of a nonexertional limitation which would have very little effect on the potential unskilled medium occupational base."

Defendant argues that the ALJ's decision not to include any handling, fingering, or feeling limitations in the RFC was supported by substantial evidence. First, the ALJ credited the opinions of State agency medical consultants Dr. Brian Harper and Dr. F. Greene, who reviewed plaintiff's medical records in 2015 and 2016, respectively; assessed her to have no handling, fingering, or feeling limitations; and found her capable of performing "a wide range of medium exertional work." AT 43, citing AT 96-97, 132-134. Both Dr. Harper and Dr. Greene noted plaintiff's history of eczema on her hands and opined that this condition could be addressed with environmental limitations. AT 97, 133.

The ALJ also credited the opinions of treating physician Dr. Kerry Waits, who in March 2017 "advised the claimant to seek work 'that does not involve exertion of her back' and refused to complete disability forms." AT 43, citing AT 817-822, 837-841. After examining plaintiff and reviewing her records, Dr. Waits did not find any limitations on her ability to handle, finger, or feel, and her treatment notes did not show any abnormal findings with respect to plaintiff's hands. AT 820-821, AT 839-840. The ALJ found Dr. Waits' opinions consistent with "other substantial evidence of record" and the opinions of the State agency physicians. AT 43.

Next, the ALJ observed that there were "few, if any findings related to [hand] conditions" in the record. AT 42. "Primary care clinic notes show that the claimant has a history of atopic dermatitis for which [she] has been prescribed a topical cream," the ALJ noted. AT 42 (record citation omitted). The ALJ noted that "[e]xaminations during the relevant period reveal few, if any findings, related to these conditions [atopic dermatitis and COPD]." AT 42 (record citations omitted); see, e.g., AT 510-511, 516, 523 (normal skin examinations).

Plaintiff cites no objective findings about hand issues that the ALJ overlooked. Rather, she cites medical notes documenting her May 2015 complaint of "residual pain in her hands from a severe chemical burn years ago" and her April 2012 complaint of numbness and tingling in her fingertips. ECF No. 24 at 9, citing AT 736, 792. However, plaintiff's 2012 symptoms are not relevant to the alleged disability period at issue, July 2014 through April 2018.

Plaintiff's May 2015 statements about her hand symptoms, like her hearing testimony summarized above, raise the disputed issue of plaintiff's credibility. The ALJ found that

6

plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record," a conclusion plaintiff challenges as to her alleged hand limitations. AT 42.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."

1  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

2      Here, the ALJ contrasted plaintiff's "conservative treatment modalities consist[ing] of medication with few changes" with her complaints of debilitating pain. AT 42-43. The ALJ noted the lack of objective findings relating to dermatitis, a condition affecting plaintiff's hands for which she was prescribed a topical cream. AT 42. The ALJ also noted that plaintiff had not required "referrals to specialists, surgeries, electrodiagnostic studies, physical therapy, chiropractic adjustments, use of a TENS unit, or other alternative measures to control her alleged symptoms."[7] AT 43. Given her history of conservative treatment and little objective evidence of impairment, the ALJ concluded "that the claimant's allegations of daily severe symptoms and significant limitations are inconsistent with the medical evidence of record overall." AT 43.

    "The allegations of inability to work are further eroded," the ALJ wrote, "as there is no evidence from [plaintiff's] treating physicians/sources that [s]he was considered disabled." AT 43, citing AT 820-821, 839-840 (treating doctor declined to complete disability paperwork, recommended that plaintiff find work that did not involve back exertion).

    Finally, the ALJ discussed plaintiff's credibility as to daily activities, writing as follows:

> [T]he evidence of record demonstrates that the claimant's activity is inconsistent with her alleged limitations. The undersigned notes that she attends medical appointments independently. . . . The claimant reported that she continues to care for herself and her adult disabled son. She is able to obtain transportation and move about the community independently, cook, wash clothes, and shop. She also reported that she does yard work, manages her finances, and enjoys sewing, reading, music, rock finding, walking, and some television shows. The above activities are consistent with the determination of an ability to perform simple, medium work activity. . . .
>
> In sum, these allegations are partially supported by her diligence in seeking treatment and medication for her conditions. However, the weight of the evidence shows that while she may experience some pain and difficulty concentrating, they are controlled such that she could nonetheless perform a wide range of work.
>
> Thus, the claimant's allegations . . . are not entirely supported.

AT 44, citing AT 55-79 (hearing testimony); see AT 456 (plaintiff's reported hobbies in

---

[7] Plaintiff testified at the hearing that she had not received medical treatment for the alleged tingling and numbness in her fingers. AT 75.

November 2013 included sewing and beading). Plaintiff does not dispute that she could perform these various activities, but argues that the record does not show she could "sustain any activity on a regular basis." (ECF No. 24 at 11.)

The undersigned concludes that the ALJ used the proper process and provided proper reasons for the adverse credibility determination; therefore the undersigned defers to the ALJ on this issue. For the reasons discussed above, the undersigned concludes that plaintiff's assessed RFC as to alleged hand limitations was adequately explained and grounded in substantial evidence.

CONCLUSION

IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 24) be denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 25) be granted; and

3. Judgment be entered for the Commissioner.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 16, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/dockler0050.ssi.ckd_f&rs